# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS - SAN ANTONIO DIVISION

United States of America  §
  §   **DETENTION ORDER PENDING TRIAL**
vs.  §   Case Number: SA:09-CR-00076(2)-FB
  §
(2) Monica Ramos  §
  *Defendant*

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is:

  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4) or an offense listed in 18 U.S.C. § 2332b(g)(5) for which the prison term is 10 years or more.
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in *_____
  ☐ a felony that was committed after the defendant had been convicted of two or more federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses:
  ☐ *any* felony this is not a crime of violence but involves:
      ☐ a minor victim
      ☐ the possession or use of a firearm or destructive device or any other dangerous weapon
      ☐ a failure to register under 18 U.S.C. § 2250.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense.
    ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
    ☐ under 18 U.S.C. § 924(c).
☐ (2) The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

☐ (1) There is serious risk that the defendant will not appear.
☒ (2) There is serious risk that the defendant will endanger the safety of another person or the community.

### Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☐ clear and convincing evidence ☒ a preponderance of the evidence that:

defendant committed a new violation of law -- DWI -- on June 21, 2009, and clear and convincing evidence that she violated the conditions prohibiting her use of alcohol and contact with codefendant Villareal. She is charged by indictment with conspiracy to distribute Heroin. Trial is scheduled 7/27. She was before the court on June 18 for a revocation hearing involving allegations of use of controlled substances while on bond. After hearing evidence at that hearing I determined that she should be rereleased on bond; however just 3 days later defendant was stopped by law enforcement after driving a motor vehicle at 3:30 in the morning, travelling 79 miles an hour and straddling lanes, in a car in which codefendant Villareal was a passenger. Defendant admitted to drinking 3-4 beers despite her bond condition which directed her to abstain from alcohol altogether. Her flagrant conduct, implicating the safety of the community, so quickly after having been arrested on the first bond violation allegations demonstrate that there are no conditions of bond which she is likely to abide by. Defendant's bond is ORDERED REVOKED and she is ORDERED DETAINED pending trial. Defendant is advised that she has the right to appeal this Order.

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility seperate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant mustl be afforded a reasonable opportunity to consult privately with defense counsel. On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

8th day of July, 2009                   /s/ Nancy Stein Nowak
*Date*                                  NANCY STEIN NOWAK
                                        U.S. MAGISTRATE JUDGE

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 et seq.); (b) Controlled Substances Import and Export Act (21 U.S.C § 951 et seq.); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

**United States of America v. (2) Monica Ramos**
**Case Number:  SA:09-CR-00076(2)-FB**